**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TERRY GOWDER, JR.,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **No. 13 C 1834** |
| | **)** | |
| **POLICE OFFICER WALTER BUCKI,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' motions in limine. For the reasons stated below, Plaintiff Terry Gowder, Jr.'s (Gowder) motions are denied, and Defendant Officer Walter Bucki's (Bucki) motions are granted.

## DISCUSSION

### I. Gowder's Motions in Limine

Gowder has brought nine motions in limine.

#### A. Gowder's Motion in Limine Number 1

Gowder requests in motion in limine number 1 (Gowder Motion Number 1) that the court bar argument or the introduction of evidence that Bucki received

accolades, awards, or commendations during the course of his police work. Bucki indicates that he does not intend to make such arguments or introduce such evidence. (Ans. G Mot. 1). Therefore, Gowder Motion Number 1 is denied as moot. The court notes that evidence concerning Bucki's prior performance records may become relevant if Gowder opens the door by attempting to introduce evidence concerning such matters.

B. Gowder's Motion in Limine Number 2

Gowder requests in motion in limine number 2 (Gowder Motion Number 2) that the court permit Gowder to treat two non-defendant Chicago police officers as adverse witnesses. The court notes that Bucki filed a motion in limine (Bucki Motion Number 17), requesting that the court bar Gowder from doing so. (D Mot. 12).

Bucki has no objection to Gowder designating him as an adverse witness, but Bucki argues that Gowder may not simply treat the non-party officers as adverse witnesses by default. (D Mot. 12). Gowder has failed to demonstrate that any other police officer witness is either an adverse party or identified with an adverse party. The mere fact that the officers may work with Bucki does not mean that they will not be forthcoming in their testimony or should be deemed adverse witnesses. Therefore, Gowder Motion Number 2 is denied.

C. Gowder's Motion in Limine Number 3

Gowder requests in motion in limine number 3 (Gowder Motion Number 3) that the court bar argument or the introduction of evidence about the lack of other complaints, disciplinary action, sustained complaint registers, or lawsuit judgments against Bucki. Bucki indicates that he does not intend to make such arguments or introduce such evidence. (Ans. G Mot. 1). Therefore, Gowder Motion Number 3 is denied as moot. The court notes that, as with Gowder Motion Number 1, evidence concerning Bucki's lack of disciplinary or complaint history may become relevant if Gowder opens the door by attempting to introduce evidence concerning such matters.

D. Gowder's Motion in Limine Number 4

Gowder requests in motion in limine number 4 (Gowder Motion Number 4) that the court bar argument or the introduction of evidence relating to the circumstances under which Gowder's attorneys were employed or retained, including fee arrangements agreed to by Gowder. Bucki indicates that he does not intend to make such argument or introduce such evidence. (Ans. G Mot. 2). Therefore, Gowder Motion Number 4 is denied as moot.

E. Gowder's Motion in Limine Number 5

Gowder requests in motion in limine number 5 (Gowder Motion Number 5) that the court bar argument or the introduction of evidence regarding improper and prejudicial themes in cases against police officers, including: (a) that Gowder has

asked for more money than he expects to be awarded, (b) that defense counsel is personally shocked by the magnitude of the damages request, (c) that Gowder views this case as a chance to win the lottery, (d) that being a police officer is a thankless or unappreciated job, (e) that police officers place themselves in danger for the public good, and (f) that a verdict against Bucki will deter this officer and other officers from protecting society. (G Mot. 2). Bucki indicates that he does not intend to make argument or introduce evidence regarding the subject matter in sub-parts (b), (e), and (f). (Ans. G Mot. 2). Therefore, sub-parts (b), (e), and (f) of Gowder Motion Number 5 are denied as moot.

Regarding sub-parts (a), (c),and (d), Bucki opposes the motion. As to subparts (a) and (c), evidence relating to motive in bringing the instant action would be relevant for the jury in ascertaining whether to award Gowder compensatory and punitive damages. As to subpart (d) being sued in his capacity as a police officer, Bucki correctly points out that some evidence concerning the nature of his work may be relevant in assessing the reasonableness of his conduct. Therefore, sub-parts (a), (c), and (d) of Gowder Motion Number 5 are denied.

F. Gowder's Motion in Limine Number 6

Gowder requests in motion in limine number 6 (Gowder Motion Number 6) that the court bar argument or the introduction of evidence indicating that Bucki acted in accordance with the policies of the Chicago Police Department to the extent that the evidence relates to the existence or non-existence of a constitutional

violation. Bucki agrees that the use of training and general orders may not be used to show the existence or non-existence of a constitutional violation, pursuant to *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006). Bucki indicates, however, that he intends to introduce testimony concerning Bucki's training or knowledge of general orders and that he should be allowed to introduce evidence that he followed rules or training provided to him by the Chicago Police Department since Gowder is seeking punitive damages. (Ans. G Mot. 4). Such evidence would be admissible for the purposes proposed by Bucki. Therefore, Gowder Motion Number 6 is denied.

G. Gowder's Motion in Limine Number 7

Gowder requests in motion in limine number 7 (Gowder Motion Number 7) that the court bar argument or the introduction of evidence of Gowder's past arrests that did not result in conviction. Bucki agrees not to introduce evidence concerning Gowder's arrest record, unless Gowder opens the door to such matters. (Ans. G Mot. 4). Therefore, Gowder Motion Number 7 is denied as moot. The court notes, however, that evidence concerning Gowder's prior arrests may become relevant if Gowder opens the door by attempting to introduce evidence concerning such matters.

H. Gowder's Motion in Limine Number 8

Gowder requests in motion in limine number 8 (Gowder Motion Number 8) that the court bar argument or the introduction of evidence relating to Gowder's prior

convictions that occurred more than ten years ago. Bucki indicates that he does not intend to introduce evidence of Gowder's 1995 and 1996 felony convictions for possession of cannabis and manufacturing/delivery of cannabis for purposes of attacking Gowder's character for truthfulness, unless Gowder opens the door by claiming emotional damages for being incarcerated. (Ans. G Mot. 5). Therefore, Gowder Motion Number 8 is denied as moot. The court notes, however, that if Gowder opens the door by claiming emotional damages for bring incarcerated, evidence relating to his incarceration for prior 1995 and 1996 felony convictions for possession of cannabis and manufacturing/delivery of cannabis may become relevant.

I. Gowder's Motion in Limine Number 9

Gowder requests in motion in limine number 9 (Gowder Motion Number 9) that the court bar argument or the introduction of evidence relating to the quantity of street drugs on Gowder when searched by Bucki on June 18, 2012. Gowder argues that the quantity and the precise packaging of the narcotics is not relevant. (G Mot. 4). However, in this case the size of the total package of heroin is directly relevant to whether this package could even fit in Gowder's shoe. (Ans. G Mot. 5). Additionally, the packaging size and the quantity of the narcotics is also relevant to Gowder's interaction with Bucki and the reason why Bucki conducted the pat down in the first place. (Ans. G Mot. 6). Therefore, Gowder Motion Number 9 is denied.

II. Bucki's Motions in Limine

Bucki has brought seventeen motions in limine.

A. Bucki's Motion in Limine Number 1

Bucki requests in motion in limine Number 1 (Bucki Motion Number 1) that the court bar argument or the introduction of evidence or argument challenging reasonable suspicion to perform a *Terry* stop and a pat down on Gowder. A police officer is permitted to conduct a non-invasive pat down on a detainee if the officer has reason to believe that such a pat down is necessary to ensure the safety of the officer and others in the vicinity. *United States v. Rivers*, 121 F.3d 1043, 1045-46 (7th Cir. 1997). In this case, Gowder's own deposition testimony corroborates Bucki's claim that Gowder was visibly nervous and exhibited evasive behavior in an area that is known to have gang and drug activities. Under such circumstances, a *Terry* stop and the minimal invasion on Gowder's person of a pat down was entirely reasonable and warranted. Therefore, Bucki Motion Number 1 is granted.

B. Bucki's Motion in Limine Number 2

Bucki requests in motion in limine number 2 (Bucki Motion Number 2) that the court bar argument or the introduction of evidence as to any injuries that occurred after the heroin was recovered. Gowder is seeking to recover damages for alleged harm he incurred while incarcerated for a two-month period after his arrest. Bucki correctly points out that he had no personal involvement in Gowder's confinement and cannot be held liable for conduct relating to such confinement. Therefore, Bucki

Motion Number 2 is granted.

C. Bucki's Motion in Limine Number 3

Bucki requests in motion in limine number 3 (Bucki Motion Number 3) that the court bar argument or the introduction of evidence relating to the outcome in Gowder's underlying criminal case. In the underlying criminal case relating to Gowder's arrest, the state trial court granted Gowder's motion to suppress and the prosecution dropped the charges against Gowder. Bucki correctly points out that the outcome in the criminal proceeding is irrelevant in the instant action. Such a finding by the state court is not binding in this case. In addition, the introduction of such facts concerning the state proceeding will only serve to mislead and confuse the jury. Therefore, Bucki Motion Number 3 is granted.

D. Bucki's Motion in Limine Number 4

Bucki requests in motion in limine number 4 (Bucki Motion Number 4) that the court bar argument or the introduction of evidence that indicates that Bucki's car hood was hot when he told Gowder to place his hands on the car. Gowder has not presented any evidence that shows that he suffered anything other than a minor discomfort as a result of what he claimed to be a hot car hood. Therefore, the fact that the car hood was warm or hot is irrelevant and would be unduly prejudicial to Bucki in this case. Therefore, Bucki's Motion Number 4 is granted.

E. Bucki's Motion in Limine Number 5

Bucki requests in motion in limine number 5 (Bucki Motion Number 5) that the court bar argument or evidence regarding a "code of silence" or any suggestion that Chicago Police Officers generally cover up for other officers. Gowder agrees not to make any generalized arguments regarding a policy to maintain a "code of silence." (Ans. D Mot. 1). Therefore, Bucki Motion Number 5 is granted.

F. Bucki's Motion in Limine Number 6

Bucki requests in motion in limine number 6 (Bucki Motion Number 6) that the court bar any reference by Gowder to other publicized events concerning allegations of police misconduct in Chicago or in other jurisdictions. Gowder does not oppose the motion. (Ans. D Mot. 2). Therefore, Bucki Motion Number 6 is granted.

G. Bucki's Motion in Limine Number 7

Bucki requests in motion in limine number 7 (Bucki Motion Number 7) that the court bar non-party witnesses from the courtroom during trial testimony. Gowder does not oppose the motion. (Ans. D Mot. 2). Therefore, Bucki Motion Number 7 is granted.

H. Bucki's Motion in Limine Number 8

Bucki requests in motion in limine number 8 (Bucki Motion Number 8) that

the court bar argument or evidence regarding violations of Chicago Police Department rules, regulations, and general orders. Bucki argues that such evidence is not material to establishing a constitutional violation. Gowder opposes the motion, contending that such evidence is relevant in evaluating the reasonableness of Bucki's conduct as it relates to how a police officer may conduct a citizen stop. (Ans. D Mot. 3). However, Gowder has offered nothing more than conclusory arguments in this regard and has failed to show how any particular rule, regulation, or order would be relevant in this case. Such evidence would also be overly prejudicial to Bucki in the absence of a sufficient probative value. Therefore, Bucki Motion Number 8 is granted.

I. Bucki's Motion in Limine Number 9

Bucki requests in motion in limine number 9 (Bucki Motion Number 9) that the court bar argument or evidence regarding improper conduct by non-defendant police officers or personnel of the Chicago Police Department, or any other employee of the City of the Chicago. Bucki correctly notes that he cannot be held liable for the actions of another person. (D Mot. 5). Gowder opposes the motion, contending that such evidence is relevant as it pertains directly to the incident in question when Bucki and his two partners detained plaintiff. (Ans. D Mot. 4). However, Gowder has failed to point to any specific evidence to show that its probative value outweighs the prejudice to Bucky or that such evidence will not confuse and mislead the jury. Therefore, Bucki Motion Number 9 is granted.

J. Bucki's Motion in Limine Number 10

Bucki requests in motion in limine number 10 (Bucki Motion Number 10) that the court bar evidence or argument relating to settlement discussions in this case. Gowder does not oppose the motion. (Ans. D Mot. 4). Therefore, Bucki Motion Number 10 is granted.

K. Bucki's Motion in Limine Number 11

Bucki requests in motion in limine number 11 (Bucki Motion Number 11) that the court bar evidence or argument indicating that the City of Chicago improperly trains or disciplines officers or improperly investigates the misconduct of officers or has improper policies and procedures. Gowder does not oppose the motion. (Ans. D Mot. 5). Therefore, Bucki Motion Number 11 is granted.

L. Bucki's Motion in Limine Number 12

Bucki requests in motion in limine number 12 (Bucki Motion Number 12) that the court bar argument or evidence regarding civilian complaints, lawsuits, employee or other disciplinary proceedings, and pending or past claims against Chicago police personnel. Gowder does not oppose the motion. (Ans. D Mot. 5). Therefore, Bucki Motion Number 12 is granted.

M. Bucki's Motion in Limine Number 13

Bucki requests in motion in limine number 13 (Bucki Motion Number 13) that the court bar evidence or argument indicating that Bucki may be indemnified by the City of Chicago for a compensatory damages award. Bucki notes that evidence of indemnification against liability is inadmissible as irrelevant and highly prejudicial to the issue of liability. (D Mot. 9-10); *see* Fed. R. Evid. 411. Gowder agrees that the issue of indemnification is generally 'irrelevant and should not be raised to the jury." (Ans. D Mot. 5-6). Therefore, Bucki Motion Number 13 is granted.

N. Bucki's Motion in Limine Number 14

Bucki requests in motion in limine number 14 (Bucki Motion Number 14) that the court bar argument that the jury should "send [the City] a message" with its verdict or that the jury should "punish the City" with its verdict. (D Mot. 10). Gowder does not oppose the motion. (Ans. D Mot. 6). Therefore, Bucki Motion Number 14 is granted.

O. Bucki's Motion in Limine Number 15

Bucki requests in motion in limine number 15 (Bucki Motion Number 15) that the court bar evidence or argument relating to Chicago Police Department personnel being paid by the City to appear in court and testify. Gowder does not oppose the motion. (Ans. D Mot. 6). Therefore, Bucki Motion Number 15 is granted.

P. Bucki's Motion in Limine Number 16

Bucki requests in motion in limine number 16 (Bucki Motion Number 16) that the court bar attorneys from conferring or speaking with any witnesses while that witness is still under oath to provide sworn testimony. Gowder does not oppose the motion. (Ans. D Mot. 7). Therefore, Bucki Motion Number 16 is granted.

Q. Bucki's Motion in Limine Number 17

Bucki requests in motion in limine number 17 (Bucki Motion Number 17) that the court bar Gowder from treating non-defendant police officers as adverse witnesses during Gowder's case-in-chief. This issue was addressed above in Gowder Motion Number 2, and the same analysis applies. Therefore, Bucki Motion Number 17 is granted.

**CONCLUSION**

Based on the foregoing analysis, Gowder's motions in limine are denied, and Bucki's motions in limine are granted

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 26, 2013